## Case Information

# WRIGHT, LARRY vs. NATIONAL LLOYDS INSURANCE CO.

## Offense or Cause

# MONEY JUDGMENT

| | |
|---|---|
| *Case Identifier* | Murray OK — CJ-2014-00047 |
| *Type of Case* | Civil Cases in which the relief sought exceeds $10,000 |
| *Date Filed* | 05/19/2014 |
| *Amount Owed* | $0.00 (as of 12/03/2014 11:34am) |

## Parties Involved

| | |
|---|---|
| **Plntf Atty.** | HOUGHTON, J. DREW *of Oklahoma City OK* |
| **Judge** | DUCK, AARON *of Sulphur OK* |
| **Plaintiff** | WRIGHT, LARRY |
| **Defendant** | NATIONAL LLOYDS INSURANCE CO. |
| **Attorney** | CATHCART, W.R. *of Oklahoma City OK* |
| **Attorney** | COOPER, R. THOMPSON *of Oklahoma City OK* |
| **Plaintiff** | WRIGHT, TAMMY |
| **Defendant** | MARILYNS INSURANCE AGENCY, IN |
| **Defendant** | PUTMAN, BRAD WAYNE |
| **Attorney** | HOLLEMAN, VIRGINIA CATHCART *of Oklahoma City OK* |

## Case entries

| Date | Description | Amount | Images |
|---|---|---|---|
| 05/19/2014 | FILE & ENTER PETITION | $163.00 | 19 images |
| | LAW LIBRARY | $6.00 | |
| | DISPUTE MEDIATION | $2.00 | |
| | OCIS | $25.00 | |
| | LENGTHY TRIAL FUND | $10.00 | |
| | OK COURT APPOINTED SPECIAL ADVOCATES | $5.00 | |
| | 10% OF CASA TO COURT CLERK REVOLVING FUND | $0.50 | |
| | OK COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | $2.00 | |
| | 10% OF COJC TO COURT CLERK REVOLVING FUND | $0.20 | |
| 05/19/2014 | SUMMONS (ISSUED) AS FOLLOWS: BACK TO ATTORNEY SERVING: MARILYN'S INSURANCE AGENCY, INC. | $5.00 | 3 images |
| 05/19/2014 | SUMMONS (ISSUED) AS FOLLOWS: BACK TO ATTORNEY SERVING: BRAD WAYNE PUTMAN NATIONAL LLOYD'S INSURANCE CO. | $5.00 | 3 images |
| **Grand Total** | | **$238.70** | |

| Date | Description | Amount | Images |
|------|-------------|--------|--------|
| 05/19/2014 | SUMMONS (ISSUED) AS FOLLOWS: BACK TO ATTORNEY SERVING: NATIONAL LLOYDS INSURANCE COMPANY C/O SECRETARY OF STATE | $5.00 | 3 images |
| 09/30/2014 | ALIAS SUMMONS (ISSUED) AS FOLLOWS: BACK TO ATTORNEY SERVING: MARILYN'S INSURANCE AGENCY, INC. | $5.00 | 3 images |
| 09/30/2014 | REC'D $5.00 R#108211 | | 1 image |
| 09/30/2014 | ALIAS SUMMONS (ISSUED) AS FOLLOWS: BACK TO ATTORNEY SERVING: NATIONAL LLOYDS INSURANCE COMPANY C/O OKLAHOMA INSURANCE DEPARTMENT | $5.00 | 3 images |
| 09/30/2014 | REC'D $5.00 R#108212 | | 1 image |
| 10/10/2014 | ALIAS SUMMONS (RET'D) FROM PPS SERVING: OKLAHOMA INSURANCE DEPARTMENT | | 3 images |
| 10/10/2014 | ALIAS SUMMONS (RET'D) FROM PPS SERVING: OKLAHOMA INSURANCE DEPARTMENT | | 3 images |
| 10/10/2014 | ALIAS SUMMONS (RETURNED) FROM PPS SERVING: MARILYN'S INSURANCE AGENCY, INC. | | 3 images |
| 10/21/2014 | ENTRY OF APPEARANCE AS COUNSEL FOR DEFENDANT, NATIONAL LLOYDS INSURANCE | | 2 images |
| 10/21/2014 | SPECIAL RESERVATION OF ADDITIONAL TIME TO ANSWER OR OTHERWISE PLEAD OF DEFENDANT, NATIONAL LLOYDS INSURANCE COMPANY | | 2 images |
| 10/23/2014 | ENTRY OF APPEARANCE | | 2 images |
| 10/23/2014 | DEFENDANT MARILYN'S INSURANCE AGENCY, INC.'S, ANSWER TO PETITION | | 11 images |
| 10/27/2014 | SUMMONS (RETURNED) FROM PPS SERVING: BRAD WAYNE PUTMAN | | 22 images |
| 11/17/2014 | DEFENDANT, BRAD WAYNE PUTNAM, SPECIAL RESERVATION OF ADDITIONAL TIME TO ANSWER | | 2 images |
| 11/18/2014 | AMENDED SPECIAL RESERVATION OF ADDITIONAL TIME TO ANSWER OF DEFENDANT, BRAD WAYNE PUTNAM | | 2 images |
| 11/20/2014 | DISMISSAL WITHOUT PREJUDICE | | 2 images |
| 11/21/2014 | ENTRY OF APPEARANCE AS COUNSEL FOR DEFENDANT, NATIONAL LLOYDS INSURANCE | | 2 images |
| 11/21/2014 | ANSWER OF NATIONAL LLOYDS INSURANCE COMPANY | | 9 images |
| 11/25/2014 | COURT ORDER: COURT SETS THIS MATTER FOR SCHEDULING CONFERENCE ON THE MOTION DOCKET ON JANUARY 13, 2015, AT 10:00 A.M. | | 1 image |
| **Grand Total** | | **$238.70** | |

## Calendar events

| Date | Time | Description |
|------|------|-------------|
| 01/13/2015 | 10:00am | MD MOTION DOCKET |

## Receipts

| Date | Description | Amount |
|------|-------------|--------|
| 05/20/2014 | R1-105905 MERLIN LAW GROUP, PA | $228.70 |
| 09/30/2014 | R1-108211 MERLIN LAW GROUP, PA | $5.00 |
| 09/30/2014 | R1-108212 MERLIN LAW GROUP, PA | $5.00 |
| **Grand Total** | | **$238.70** |

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

LARRY AND TAMMY WRIGHT,           )
                                  )
            Plaintiffs,           )
                                  )
vs.                               )   Case No.: CJ-2014-47
                                  )
NATIONAL LLOYDS INSURANCE         )
COMPANY, MARILYN'S INSURANCE      )
AGENCY, INC., and BRAD WAYNE      )
PUTMAN,                           )
                                  )
            Defendant.            )

**F I L E D**
**MURRAY COUNTY, OKLAHOMA**

NOV 21 2014

Christie/Pittman, Court Clerk
By_____Deputy

## ANSWER OF NATIONAL LLOYDS INSURANCE COMPANY

COMES NOW the Defendant, NATIONAL LLOYDS INSURANCE COMPANY

(hereinafter NLIC), and for answer to Plaintiffs' Petition alleges:

1..

1.    NLIC is without sufficient information to admit the allegations contained in

Paragraph 1 of Plaintiffs' Petition and, therefore, denies same.

2.    Admitted.

3.    NLIC is without sufficient information to admit the allegations contained in

Paragraph 3 of Plaintiffs' Petition and, therefore, denies same.

4.    NLIC admits that Putman is a resident of Oklahoma, is a licensed insurance adjuster

in the State of Oklahoma, and adjusted the Plaintiffs' claim. NLIC denies the

1

remaining allegations contained in Paragraph 4 of Plaintiffs' Petition.

5.   Admitted.

6.   NLIC admits that the Plaintiffs purchased a policy of insurance from National Lloyds through the Marilyn's Insurance Agency. NLIC denies the remaining allegations contained in Paragraph 5 of Plaintiffs' Petition.

7.   NLIC is without sufficient information to admit the allegations contained in Paragraph 7 of Plaintiffs' Petition and therefore, denies same.

8.   NLIC is without sufficient information to admit the allegations contained in Paragraph 8 of Plaintiffs' Petition and therefore, denies same.

9.   Admitted.

10.  Denied.

11.  Denied.

12.  Denied.

13.  Admitted.

14.  Denied.

15.  NLIC adopts its prior responses to Paragraphs 1-14 of Plaintiffs' Petition.

16.  Admitted.

17.  Admitted.

18.  Denied.

19.  Denied.

2

20.   Denied.

21.   Denied.

22.   Denied.

23.   NLIC adopts its prior responses to Paragraphs 1-22 of Plaintiffs' Petition.

24.   NLIC admits that it had an obligation to deal with the Plaintiffs fairly and in good faith.  The remaining allegations contained in Paragraph 24 of Plaintiffs' Petition are denied.

25.   Denied.

26.   NLIC admits that it had certain obligations to the Plaintiffs pursuant to the terms of the insurance policy and Oklahoma law.  NLIC denies the remaining allegations contained in Paragraph 26 of Plaintiffs' Petition.

27.   Denied.

28.   Denied.

29.   Denied.

30.   Denied.

31.   Denied.

32.   Denied.

33.   NLIC adopts its prior responses to Paragraphs 1-32 of Plaintiffs' Petition.

34.   Denied.

35.   Denied.

36. NLIC is without sufficient information to admit the allegations contained in Paragraph 36 of Plaintiffs' Petition and, therefore, denies same.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. NLIC adopts its prior responses to Paragraphs 1-40 of Plaintiffs' Petition.

42. NLIC is without sufficient information to admit the allegations contained in Paragraph 42 of Plaintiffs' Petition and, therefore, denies same.

43. NLIC is without sufficient information to admit the allegations contained in Paragraph 43 of Plaintiffs' Petition and, therefore, denies same.

44. NLIC is without sufficient information to admit the allegations contained in Paragraph 44 of Plaintiffs' Petition and, therefore, denies same.

45. NLIC admits that the Plaintiffs purchased a policy through Marilyn's Insurance Agency. NLIC denies the remaining allegations contained in Paragraph 45 of Plaintiffs' Petition.

46. Denied.

47. NLIC is without sufficient information to admit the allegations of Paragraph 47 of Plaintiffs' Petition and, therefore, denies same.

48. NLIC is without sufficient information to admit the allegations of Paragraph 48 of

4

Plaintiffs' Petition and, therefore, denies same.

49.   NLIC is without sufficient information to admit the allegations of Paragraph 49 of

Plaintiffs' Petition and, therefore, denies same.

50.   NLIC is without sufficient information to admit the allegations of Paragraph 50 of

Plaintiffs' Petition and, therefore, denies same.

51.   NLIC is without sufficient information to admit the allegations of Paragraph 51 of

Plaintiffs' Petition and, therefore, denies same.

52.   NLIC is without sufficient information to admit the allegations of Paragraph 52 of

Plaintiffs' Petition and, therefore, denies same.

53.   NLIC is without sufficient information to admit the allegations of Paragraph 53 of

Plaintiffs' Petition and, therefore, denies same.

54.   Denied.

55.   Denied.

56.   Denied.

57.   NLIC adopts its prior responses to Paragraphs 1-56 of Plaintiffs' Petition.

58.   NLIC is without sufficient information to admit the allegations of Paragraph 58 of

Plaintiffs' Petition and, therefore, denies same.

59.   NLIC is without sufficient information to admit the allegations of Paragraph 59 of

Plaintiffs' Petition and, therefore, denies same.

60.   NLIC is without sufficient information to admit the allegations of Paragraph 60 of

Plaintiffs' Petition and, therefore, denies same.

61. NLIC is without sufficient information to admit the allegations of Paragraph 61 of Plaintiffs' Petition and, therefore, denies same.

62. NLIC is without sufficient information to admit the allegations of Paragraph 62 of Plaintiffs' Petition and, therefore, denies same.

63. NLIC is without sufficient information to admit the allegations of Paragraph 63 of Plaintiffs' Petition and, therefore, denies same.

64. NLIC is without sufficient information to admit the allegations of Paragraph 64 of Plaintiffs' Petition and, therefore, denies same.

65. NLIC is without sufficient information to admit the allegations of Paragraph 65 of Plaintiffs' Petition and, therefore, denies same.

66. NLIC is without sufficient information to admit the allegations of Paragraph 66 of Plaintiffs' Petition and, therefore, denies same.

67. Denied.

68. Denied.

69. NLIC is without sufficient information to admit the allegations of Paragraph 69 of Plaintiffs' Petition and, therefore, denies same.

70. Denied.

71. NLIC adopts its prior responses to Paragraphs 1-70 of Plaintiffs' Petition.

72. Denied.

6

73.   Denied.

74.   Denied.

75.   Denied.

76.   Denied.

77.   Denied.

78.   Denied.

79.   Denied.

80.   Denied.

81.   Denied.

82.   Denied.

83.   Denied.

84.   Denied.

85.   Denied.

86.   NLIC adopts its prior responses to Paragraphs 1-85 of Plaintiffs' Petition.

87.   Denied.

88.   Denied.

89.   Denied.

90.   NLIC adopts its prior responses to Paragraphs 1-89 of Plaintiffs' Petition.

91.   Denied.

92.   Denied.

7

93.    Denied.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' Petition fails to state a claim upon relief can be granted.

2.    At all times herein, NLIC acted in keeping with its duty of good faith and fair dealing.

3.    The Plaintiffs have been paid all sums due and owing under the insurance policy.

4.    NLIC reserves the right to amend its answer as additional facts are discovered.

WHEREFORE, having fully answered, NLIC prays that judgment be entered in its favor and against the Plaintiffs, and that it be awarded attorney fees, costs and any and such other relief as the Court may deem just and proper.

**CATHCART & DOOLEY**

W. R. Cathcart, OBA #1566
Virginia Cathcart Holleman, OBA #15422
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
bcathcart@cathcartdooley.com

8

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed postage prepared this 20th day of November, 2014, to:

J. Drew Houghton, OBA #18080
Foshee & Yaffe
Post Office Box 890420
Oklahoma City, OK 73189
Phone: 405/232-8080
Fax: 405/601-1103
dhoughton@fosheeyaffe.com
Attorney for Plaintiffs

R. Thomas Cooper, OBA #15746
Pignato, Cooper, Kolker & Roberson
119 North Roibnson, 11th Floor
Oklahoma City, OK 73102
405-606-3333; Fax 405-606-334
tom@pclaw.org
Attorneys for Defendant, Marilyn
Insurance Agency, Inc.

_____
Virginia Cathcart Holleman

9

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

LARRY AND TAMMY WRIGHT,               )
                                      )
          Plaintiffs,                 )
                                      )
vs.                                   )        Case No.: CJ-2014-47
                                      )
NATIONAL LLOYDS INSURANCE             )
COMPANY, MARILYN'S INSURANCE          )
AGENCY, INC., and BRAD WAYNE          )
PUTNAM,                               )
                                      )
          Defendant.                  )

**F I L E D**
**MURRAY COUNTY, OKLAHOMA**

NOV 1 8 2014

Christie Pittman. Court Clerk
By_____Deputy

## AMENDED SPECIAL RESERVATION OF
## ADDITIONAL TIME TO ANSWER OF
## DEFENDANT, BRAD WAYNE PUTNAM

COMES NOW, the Defendant, Brad Wayne Putnam, and makes this Amended

Special Reservation of Time reserving an additional twenty (20) days through December 8,

2014, pursuant to Title 12 O.S. §2012(a) and *Young v. Walton*, 1991 OK 20, 807 P.2d 248,

fully preserving any and all defenses under Title 12 O.S. §2012(b).

CATHCART & DOOLEY

W. R. Cathcart, OBA #1566
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
bcathcart@cathcartdooley.com

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed postage prepared this 17th day of November, 2014, to:

J. Drew Houghton, OBA #18080
Foshee & Yaffe
Post Office Box 890420
Oklahoma City, OK 73189
Phone: 405/232-8080
Fax: 405/601-1103
dhoughton@fosheeyaffe.com
Attorney for Plaintiffs

R. Thomas Cooper, OBA #15746
Pignato, Cooper, Kolker & Roberson
119 North Roibnson, 11th Floor
Oklahoma City, OK 73102
405-606-3333; Fax 405-606-334
tom@pclaw.org
Attorneys for Defendant, Marilyn
Insurance Agency, Inc.

W. R. Cathcart

IN THE DISTRICT COURT OF MURRAY COUNTY

STATE OF OKLAHOMA

RECEIVED

DEC  1 2014

CATHCART & DOOLEY

LARRY AND TAMMY WRIGHT,

(PLAINTIFF)S,

VS.

NATIONAL LLOYDS INSURANCE

COMPANY, MARILYN'S INSURANCE

AGENCY, INC., AND BRAD WAYNE PUTMAN,

(DEFENDANT)S,

CASE NO.  CJ 14-47

**FILED**

NOV 25 2014

CHRISTIE PITTMAN, Court Clerk

By_____Deputy

JUDGE Aaron Duck

DATE: 24 November 2014

RPT.

### COURT ORDER

Court sets this matter for Scheduling Conference on the Motion Docket on January 13, 2015, at 10:00 a.m.

Court Clerk to give copy of order to all parties.

_____
JUDGE OF THE DISTRICT COURT

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

LARRY AND TAMMY WRIGHT,    )
    )
    Plaintiffs,    )
    )
vs.    )    Case No.: CJ-2014-47
    )
NATIONAL LLOYDS INSURANCE    )
COMPANY, MARILYN'S INSURANCE    )
AGENCY, INC., and BRAD WAYNE    )
PUTMAN,    )
    )
    Defendant.    )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

NOV 21 2014

Christie Pittman, Court Clerk
By_____
_____Deputy

## ENTRY OF APPEARANCE AS COUNSEL FOR
## DEFENDANT, NATIONAL LLOYDS INSURANCE

COMES NOW   Virginia Cathcart Holleman of Cathcart & Dooley and enters his

appearance as counsel of record for the Defendant, National Lloyds Insurance Company,

pursuant to Title 12 O.S. §2005.2(a).

**CATHCART & DOOLEY**

Virginia Cathcart Holleman, OBA #15422
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
vholleman@cathcartdooley.com

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed postage prepared this 20th day of November, 2014, to:

J. Drew Houghton, OBA #18080
Foshee & Yaffe
Post Office Box 890420
Oklahoma City, OK 73189
Phone: 405/232-8080
Fax: 405/601-1103
dhoughton@fosheeyaffe.com
Attorney for Plaintiffs

R. Thomas Cooper, OBA #15746
Pignato, Cooper, Kolker & Roberson
119 North Roibnson, 11th Floor
Oklahoma City, OK 73102
405-606-3333; Fax 405-606-334
tom@pclaw.org
Attorneys for Defendant, Marilyn
Insurance Agency, Inc.

Virginia Cathcart Holleman

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

LARRY AND TAMMY WRIGHT,              )
               Plaintiffs,              )
                              )
                              )
vs.                                  )    Case No.: CJ-2014-47
                              )
NATIONAL LLOYDS INSURANCE            )
COMPANY, MARILYN'S INSURANCE         )
AGENCY, INC., and BRAD WAYNE         )
PUTMAN,                              )
                              )
            Defendant.               )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

OCT 2 1 2014

Christie Pittman, Court Clerk
By_____Deputy

## ENTRY OF APPEARANCE AS COUNSEL FOR
## DEFENDANT, NATIONAL LLOYDS INSURANCE

COMES NOW  W. R. Cathcart of Cathcart & Dooley and enters his appearance as

counsel of record for the Defendant, National Lloyds Insurance Company, pursuant to Title

12 O.S. §2005.2(a).

CATHCART & DOOLEY

W. R. Cathcart, OBA #1566
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
bcathcart@cathcartdooley.com

**Certificate of Service**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed postage prepared this 20th day of October, 2014, to:

J. Drew Houghton, OBA #18080
Foshee & Yaffe
Post Office Box 890420
Oklahoma City, OK 73189
Phone: 405/232-8080
Fax: 405/601-1103
dhoughton@fosheeyaffe.com
Attorney for Plaintiffs

W. R. Cathcart

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

LARRY AND TAMMY WRIGHT,          )
                                )
        Plaintiffs,             )
                                )
vs.                             )       Case No.: CJ-2014-47
                                )
NATIONAL LLOYDS INSURANCE       )
COMPANY, MARILYN'S INSURANCE    )
AGENCY, INC., and BRAD WAYNE    )
PUTMAN,                         )
                                )
        Defendant.              )

**F I L E D**
**MURRAY COUNTY, OKLAHOMA**

OCT 21 2014

Christie Pittman   Court Clerk
By_____Deputy

### SPECIAL RESERVATION OF ADDITIONAL TIME
### TO ANSWER OR OTHERWISE PLEAD OF DEFENDANT,
### <u>NATIONAL LLOYDS INSURANCE COMPANY</u>

COMES NOW the Defendant, National Lloyds Insurance Company, and makes this

Special Reservation of Time reserving an additional twenty (20) days through November 21,

2014, pursuant to Title 12 O.S. §2012(a) and *Young v. Walton*, 1991 OK 20, 807 P.2d 248,

fully preserving any and all defenses under Title 12 O.S. §2012(b).

CATHCART & DOOLEY

_____
W. R. Cathcart, OBA #1566
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
bcathcart@cathcartdooley.com

**Certificate of Service**

     The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed postage prepared this 20th day of October, 2014, to:

J. Drew Houghton, OBA #18080
Foshee & Yaffe
Post Office Box 890420
Oklahoma City, OK 73189
Phone: 405/232-8080
Fax: 405/601-1103
dhoughton@fosheeyaffe.com
Attorney for Plaintiffs

W. R. Cathcart

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

RECEIVED

OCT 2 3 2014

CATHCART & DOOLEY

| | |
|---|---|
| LARRY AND TAMMY WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CJ-2014-47 |
| | ) The Honorable Aaron Duck |
| NATIONAL LLOYDS INSURANCE | ) |
| COMPANY, MARILYN'S INSURANCE | ) |
| AGENCY, INC., and BRAD WAYNE | ) |
| PUTNAM, | ) |
| | ) |
| Defendants. | ) |

## ENTRY OF APPEARANCE

Pursuant to 12 O.S. § 2005.2(A), R. Thompson Cooper, of Pignato, Cooper, Kolker & Roberson, P.C., hereby enters his appearance as counsel of record for Defendant Marilyn's Insurance Agency, Inc. in the above-styled case.

Respectfully submitted,

R. Thompson Cooper, OBA No. 15746
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:    (405) 606-3333
Facsimile:     (405) 606-3334
Email:          tom@pclaw.org
ATTORNEYS FOR DEFENDANT
MARILYN'S INSURANCE AGENCY, INC.

## CERTIFICATE OF SERVICE

This is to certify that on the 22nd day of October 2014, a true and correct copy of the above and foregoing instrument was forwarded to:

J. Drew Houghton                           *VIA U.S. MAIL*
FOSHEE & YAFFE
Post Office Box 890420
Oklahoma City, Oklahoma 73189

MERLIN LAW GROUP                           *VIA U.S. MAIL*
Larry Bache
777 South Harbour Boulevard, 9th Floor
Tampa, Florida 33602

Phillip N. Sanov
Three Riverway, Suite 701
Houston, Texas 77056

W. R. Catchcart                            *VIA U.S. MAIL*
CATCHCART & DOOLEY
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106

For the Firm

2

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

LARRY AND TAMMY WRIGHT,           )
                                  )
          Plaintiffs,             )
                                  )
vs.                               )    Case No.: CJ-2014-47
                                  )
NATIONAL LLOYDS INSURANCE         )
COMPANY, MARILYN'S INSURANCE      )
AGENCY, INC., and BRAD WAYNE      )
PUTMAN,                           )
                                  )
          Defendant.              )

**F I L E D**
MURRAY COUNTY, OKLAHOMA

NOV 17 2014

Christie Pittman, Court Clerk
By_____Deputy

**DEFENDANT, BRAD WAYNE PUTNAM,**
**SPECIAL RESERVATION OF ADDITIONAL TIME TO ANSWER**

COMES NOW, the Defendant, Brad Wayne Putnam, and makes this Special

Reservation of Time reserving an additional twenty (20) days through November 17, 2014,

pursuant to Title 12 O.S. §2012(a) and *Young v. Walton*, 1991 OK 20, 807 P.2d 248, fully

preserving any and all defenses under Title 12 O.S. §2012(b).

CATHCART & DOOLEY

_____
W. R. Cathcart, OBA #1566
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106
Phone: 405/524-1110
Fax: 405/524-4143
bcathcart@cathcartdooley.com

## Certificate of Service

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was mailed postage prepared this 14th day of November, 2014, to:

J. Drew Houghton, OBA #18080
Foshee & Yaffe
Post Office Box 890420
Oklahoma City, OK 73189
Phone: 405/232-8080
Fax: 405/601-1103
dhoughton@fosheeyaffe.com
Attorney for Plaintiffs

R. Thomas Cooper, OBA #15746
Pignato, Cooper, Kolker & Roberson
119 North Roibnson, 11th Floor
Oklahoma City, OK 73102
405-606-3333; Fax 405-606-334
tom@pclaw.org
Attorneys for Defendant, Marilyn
Insurance Agency, Inc.

W. R. Cathcart

**IN THE DISTRICT COURT OF MURRAY COUNTY**
**STATE OF OKLAHOMA**

**FILED**

OCT 27 2014

CHRISTIE PITTMAN, Court Clerk
By_____ Deputy

| | |
|---|---|
| LARRY AND TAMMY WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| *versus* | ) |
| | ) |
| NATIONAL LLOYDS INSURANCE | ) |
| COMPANY, MARILYN'S INSURANCE | ) |
| AGENCY, INC., and BRAD WAYNE PUTMAN, | ) |
| | ) |
| Defendants. | ) |

Case No. CJ-2014-47

RETURN
TO
COURT CLERK'S OFFICE

**Issued**

MAY 19 2014

CHRISTIE PITTMAN, Court Clerk
By_____ Deputy

To the above-named Defendant:    Brad Wayne Putman
National Lloyds Insurance Company
c/o Secretary of State
2300 N. Lincoln Blvd. Rm. 101
Oklahoma City, OK 73105

You have been sued by the above-named Plaintiff, and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff(s).

Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

ISSUED this 19 day of May, 20 14.

COURT CLERK,

Christie Pittman
Deputy Court Clerk

(Seal)

Attorneys for Plaintiff(s):

Name:        J. Drew Houghton, OBA #18080
Address:     ~~P.O. Box 890420~~
             Oklahoma City, OK  73189
Telephone:   (405) 632-6668

Name:        Larry Bache, Esq., FBN: 91304
Address:     Merlin Law Group
             777 S. Harbour Blvd, 9th Floor
             Tampa, FL 33602
Telephone:   (813) 229-1000

Name:        Phillip N. Sanov, Esq., TBN: 17635959
Address:     Merlin Law Group
             Three Riverway, Suite 701
             Houston, Texas 77056
Telephone:   (713) 626-8880

This Summons was served/mailed on ___9/15/2014___ *10/27/14*

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED
WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED
IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT
STATED IN THE SUMMONS.

# PROOF OF SERVICE
## AFFIDAVIT

_Larry + Tammy Wright_

_Brad Wayne Putman_  **VS.**
_et ali_

Case No. _CJ 2014 - 47_
County _Murray_
Date Rec. _9/15/14_
Court Date _____
Client _J. Drew Houghton_

---

I, being duly sworn, certify that I received on _9/13_____, 20 _14_ the following documents:

| | | | |
|---|---|---|---|
| X Summons w/Petition | ___ Injunction | ___ Motion to Modify | ___ Interrogatories |
| ___ Amended Petition/Complaint | ___ Garnishment | ___ Motion for Leave/Vacate/Enter | ___ Brief-Plaintiff's/Defendant's |
| ___ Petition/3rd Party Defendant | ___ Subpoena Duces Tecum | ___ Motion/Summary Judgment | ___ Journal Entry |
| ___ Small Claims Affidavit | ___ Deposition Subpoena | ___ Motion/Deficiency Judgment | ___ Cross/Counter Claim |
| ___ Forcible Entry & Detainer | ___ Witness Fees | ___ Request for Admissions | ___ Lis Pendens |
| ___ Hearing on Assets | ___ Notice to Take Deposition | ___ Request for Production | ___ Letter |
| ___ Citation for Contempt | ___ Notice of Hearing | ___ Order/Affidavit | ___ Temporary Restraining Order |
| ___ Other | | | |

---

METHOD OF SERVICE: And served the same according to law in the following manner, to wit:

**PERSONAL SERVICE**
X   by delivering a true copy of said process personally to _Brad Wayne Putman_ at
_2525 NW 29th OKC OK 73107_ Date: _10/27/14_ Time: _11:50 A_
☐   by delivering a true copy of said process personally to _____ at
_____ Date: _____ Time: _____

**USUAL PLACE OF RESIDENCE**
☐   by leaving a true copy of said process for _____ with _____
_____ a resident/family member, fifteen years of age or older, at _____
_____ which is his/her usual place of residence.   Date: _____ Time: _____

**CORPORATION/PARTNERASHIP, ETC.**
☐   by delivering a true copy of said process to _____ he/she/it,
being the service agent, agent in charge, an officer or partner of said entity, to wit:
_____ at _____ Date: _____ Time: _____

**POSTED SERVICE**
☐   by affixing a true copy of said process to the premises located at _____
which is in the possession of the defendant to wit: _____

**SERVICE BY MAIL**
☐   by mailing a true copy of said process to _____ by certified mail.
restricted delivery, return receipt requested, at _____ Date: _____

**NOT FOUND**
☐   Said process WAS NOT SERVED on the following named for reasons stated: _____

**OTHER INFORMATION**
☐

Subscribed and sworn to before me this
_____ day of _____ 20 _____

Undersigned declares under penalty of perjury that the foregoing
is true and correct.

_Jack Beall 10/27/14_

Notary Public _____ Commission Exp. _____
(SEAL)

Name of Server                     (date)

License No. **PSS-2012-50**

Fee for service $ _65_   _SRTR$65_
Mileage $ _____   Total $ _130.00_

**IN THE DISTRICT COURT OF MURRAY COUNTY**
**STATE OF OKLAHOMA**

LARRY AND TAMMY WRIGHT,                )
                                       )
    Plaintiff,                      )
                                       )
*versus*                               )          Case No. CJ-2014-47
                                       )
NATIONAL LLOYDS INSURANCE              )          **FILED**
COMPANY, MARILYN'S INSURANCE           )
AGENCY, INC., and BRAD WAYNE PUTMAN, ) )          MAY 19 2014
                                       )
    Defendants.                     )          CHRISTIE PITTMAN, Court Clerk
                                                  By _____ Deput

**PETITION**

    **COMES NOW** the Plaintiff, LARRY AND TAMMY WRIGHT (hereinafter

"Plaintiffs"), and for their causes of action against Defendants, NATIONAL LLOYDS

INSURANCE COMPANY, (hereinafter collectively referred to as "NATIONAL

LLOYDS"), MARILYN'S INSURANCE AGENCY, INC. (hereinafter "MARILYN'S

INS. AGENCY"), and BRAD WAYNE PUTMAN (hereinafter "PUTMAN") hereby

states as follows:

**STATEMENT OF FACTS**

1.     Plaintiffs are residents of Davis, Murray County, Oklahoma. Plaintiffs have an

    insurable interest in the property located at 105 E. Benton Avenue, Davis,

    Oklahoma 73030.

2.     Defendant, NATIONAL LLOYDS, is a corporation incorporated under the laws

    of the State of Texas, and is an insurance company registered to engage in the

    business of insurance in the state of Oklahoma.

3.     Defendant, MARILYN'S INS. AGENCY, is an insurance agency incorporated

    under the laws of the State of Oklahoma, having its principal place of business in

1

Oklahoma.

4.  Defendant, PUTMAN, upon information and belief, is a resident of Oklahoma and is licensed as an insurance adjuster in the state of Oklahoma. PUTMAN's adjuster license number in the State of Oklahoma is #0000097095. This cause of action arises out of Defendant's actions and/or inactions during the investigation and evaluation of Plaintiffs' claim. This Defendant is an individual that was hired as an adjuster by one or more other Defendants herein.

5.  Plaintiffs entered into a contract for insurance with Defendant, NATIONAL LLOYDS to provide coverage for its property and its contents. Plaintiffs' insured property is located in Murray County, Oklahoma.

6.  Plaintiffs purchased the policy of insurance through the offices of Defendant, MARILYN'S INS. AGENCY. At the time Plaintiffs purchased the policy of insurance with Defendant NATIONAL LLOYDS, the Defendant MARILYN'S INS. AGENCY was an agent and/or an ostensible agent of Defendant NATIONAL LLOYDS.

7.  Defendant, MARILYN'S INS. AGENCY, was familiar with Plaintiffs and has served as Plaintiffs' primary insurance agent for his insurance needs. Defendant, NATIONAL LLOYDS, advised Plaintiffs of the need to maintain replacement cost coverage on the property.

8.  Plaintiffs relied on Defendant, MARILYN'S INS. AGENCY's representations and purchased the same. Plaintiffs trusted and believed Defendant, MARILYN'S INS. AGENCY had the requisite insurance agent skills and expertise to properly procure the replacement cost insurance coverage Plaintiffs requested.

2

9.   Thereafter Defendant, NATIONAL LLOYDS, issued the Homeowners policy of insurance, Policy OD6010395-02, to the Plaintiffs.

10.  Defendant, NATIONAL LLOYDS, represented to the Plaintiffs, directly and through their agent, Defendant, MARILYN'S INS. AGENCY, that it would conduct itself in accordance with Oklahoma law and would fully and faithfully investigate and pay claims.  Plaintiffs relied on said representations.

11.  On or about May 23, 2013, the property insured by Plaintiffs under the subject insurance policy was severely damaged as a direct result of a wind/hailstorm.

12.  Plaintiffs timely and properly submitted a claim to Defendant, NATIONAL LLOYDS, for the property damage incurred due to the wind/hailstorm.

13.  Defendant, NATIONAL LLOYDS confirmed that the cause of Plaintiffs' property damage claim was due to wind/hailstorm and that the loss was covered under the terms and conditions of the insurance policy with Defendant, NATIONAL LLOYDS. Defendant, NATIONAL LLOYDS assigned a claim number of NL357801.

## STATUTORY AUTHORITY

14.  This suit is being brought, in part, under the Oklahoma Unfair Settlement Practices Act, Okla. Stat. Ann. §36-1250.5; and the Oklahoma Consumer Protection Act, 15 Oka. Stat. §753.

## FIRST CAUSE OF ACTION
## BREACH OF CONTRACT

15.  Plaintiffs adopt and incorporate by reference paragraphs 1 through 14 above as if fully plead herein, and for further claims against the Defendant, NATIONAL LLOYDS, alleges as follows:

3

16.  Plaintiffs entered into a contract for insurance with Defendant, NATIONAL LLOYDS, to provide coverage for the dwelling and personal property.

17.  At all times material hereto, the policy of insurance, Policy No. OD6010395-02, was in full force and effect.

18.  Plaintiffs provided timely and proper notice of thier claim of property damage resultant from the May 23, 2013 wind/hailstorm.

19.  Plaintiffs have complied with the terms and conditions and all conditions precedent under the policy of insurance.

20.  This notwithstanding, the Defendant, NATIONAL LLOYDS, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiffs by failing to pay Plaintiffs all benefits owed.

21.  As a result of the Defendant, NATIONAL LLOYDS's breach of contract the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

22.  The conduct of Defendant, NATIONAL LLOYDS, was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### SECOND CAUSE OF ACTION
### BAD FAITH

23.  Plaintiffs adopt and incorporate by reference paragraphs 1 through 22 above as if fully plead herein, and for further claims against the Defendants, NATIONAL LLOYDS, and PUTMAN, (sometimes referred to hereafter as the "DEFENDANTS"). alleges as follows:

4

24. Defendants, NATIONAL LLOYDS, and PUTMAN, owed a duty to Plaintiffs to deal fairly and act in good faith.

25. Defendants, NATIONAL LLOYDS, and PUTMAN, breached their duty to deal fairly and act in good faith by engaging in the following acts and/or omissions:

   a. Failing to pay the full and fair amount for the property damage sustained by Plaintiffs during the May 23, 2013 wind/hailstorm in accordance with the terms and conditions of the insurance poilcy.

   b. Failing to pay all additional coverages due and owing to Plaintiffs under the terms and conditions of the insurance policy

   c. Reducing the fair amount of Plaintiffs' claims unfairly and without a valid basis.

   d. Violating the Unfair Claims Settlement Practices Act, 36 O.S. §§1250.1-1250.16 by wrongfully, intentionally and repeatedly withholding benefits and coverages due and owing to the Plaintiffs under the terms and conditions of the insurance policy.

   e. Wrongfully, intentionally and repeatedly failing to communicate all coverages and benefits applicable to Plaintiffs' claim.

   f. Forcing Plaintiffs to obtain legal counsel to recover insurance benefits entitled to under the terms and conditions of the insurance contract.

   g. Failing to conduct a fair and objective investigation of the damage to Plaintiffs' property.

   h. Intentionally engaging in an outcome oriented investigation.

   i. Intentionally engaging in a systematic scheme designed to save money otherwise due and owing to the Plaintiffs and other similarly situated insureds as a cost-

saving mechanism.

26. Defendants, NATIONAL LLOYDS' and PUTMAN'S obligations to the Plaintiffs arise from both express written terms under the insurance policy and under the Oklahoma Insurance Code as well as implied obligations under Oklahoma law.

27. Defendants, NATIONAL LLOYDS' and PUTMAN'S failure to implement and/or follow the statutory impositions under the Oklahoma Insurance Code constitute bad faith.

28. Defendants, NATIONAL LLOYDS' and PUTMAN'S conduct is a material breach of the terms and conditions of the insurance contract entered into with the Plaintiffs and constitutes bad faith.

29. As a direct and proximate result of Defendants, NATIONAL LLOYDS'S and PUTMAN'S unfair claims handling conduct, Plaintiffs' claim was unnecessarily delayed, inadequately investigated, and wronfgully underpaid. Said actions resulted in additional profits and a financial windfall to Defendant, NATIONAL LLOYDS.

30. As a result of the Defendants, NATIONAL LLOYDS' and PUTMAN'S conduct the Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

31. The conduct of Defendants, NATIONAL LLOYDS, and PUTMAN was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

32.    Plaintiffs further alleges Defendant, NATIONAL LLOYDS enjoyed increased financial benefits and ill-gotten gains as a direct result of the intentional and wrongful conduct described above, which resulted in further damage to the Plaintiffs.

## THIRD CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

33.    Plaintiffs adopt and incorporate by reference paragraphs 1 through 32 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

34.    Due to the unequal bargaining power between Plaintiffs and Defendants, the quasi-public nature of insurance, and the potential for Defendants to unscrupiously exploit that power at a time when Plaintiffs were most vulnerable, a special relationship akin to that of a fiduciary duty exists between Plaintffs and Defendants.

35.    As a result of the special relationship, Defendants owed a fiduciary duty to their insured to act in a manner consistent with the best interests of their insureds.

36.    A fiduciary duty existed between Plaintiffs and Defendant, MARILYN'S INS. AGENCY.   The overwhelming influence of Defendant, MARILYN'S INS. AGENCY over Plaintiffs, and Plaintiffs' dependency and trust in their insurance agent, and Defendant, MARILYN'S INS. AGENCY's assurance it could procure the insurance policy Plaintiffs requested creates a fiduciary status.

37.    Given the specialized knowledge the Defendant, NATIONAL LLOYDS, possessed with regard to the terms and conditions of the insurance policy, the Defendant, NATIONAL LLOYDS' duty to act reasonably created such a special

relationship so as to make the Defendant, NATIONAL LLOYDS, a fiduciary.

38. The Defendants breached their fiduciary duties owed to the Plaintiffs.

39. As a result of Defendants' breach of fiduciary duties, Plaintiffs sustained financial losses, mental and emotional distress, and has been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

40. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENCE IN THE PROCUREMENT OF INSURANCE

41. Plaintiffs adopt and incorporate by reference paragraphs 1 through 40 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

42. Defendant, MARILYN'S INS. AGENCY, was familiar with Plaintiffs and had been hired as Plaintiffs' primary insurance agent for the property insurance needs. In this capacity, Defendant, MARILYN'S INS. AGENCY, advised Plaintiffs of the need to purchase and maintain the more expensive replacement cost coverage so that its business dwelling and personal property would be replaced in the event of damage or destruction to their property by a covered loss.

43. Plaintiffs relied upon Defendant, MARILYN'S INS. AGENCY's representations and annually purchased the suggested coverage by paying a higher premium each year.

44. Defendant, MARILYN'S INS. AGENCY, procured the subject replacement cost

policy for Plaintiffs.

45. At all times relevant hereto, the Defendant, MARILYN'S INS. AGENCY, was an agent and/or an ostensible agent of Defendant, NATIONAL LLOYDS.

46. Defendant, NATIONAL LLOYDS, owed Plaintiffs a duty to act in good faith and to exercise reasonable care, skill and diligence in the procurement of insurance for Plaintiffs, and in the notification of insurance coverage options to the Plaintiffs.

47. Defendant, MARILYN'S INS. AGENCY, had a duty to inform Plaintiffs of all coverages, benefits, limitations and exclusions in the coverage procured.

48. Defendant, MARILYN'S INS. AGENCY, breached its duty owed to Plaintiffs and is liable to the Plaintiffs because the insurance requested by Plaintiffs was not procured as promised and Plaintiffs suffered a loss.

49. Defendant MARILYN'S INS. AGENCY breached its duty owed to Plaintiffs by:

a. Procuring an insurance policy that did not serve to actually replace its property and personal property when it was damaged or destroyed by a covered loss.

b. Procuring an insurance policy that did not accurately reflect the replacement cost of Plaintiffs' dwelling.

c. Failing to inform Plaintiffs of the limitations of the insurance policy procured for Plaintiffs.

50. Defendant, MARILYN'S INS. AGENCY, was negligent and breached its duty owed to Plaintiffs by failing to review the policy procured for Plaintiffs to ensure it provided appropriate and adequate coverage.

51. Plaintiffs reasonably believed the insurance policy procured and mainained by Defendant, MARILYN'S INS. AGENCY, was in conformity to their agreement

9

with Defendant, MARILYN'S INS. AGENCY.

52. Plaintiffs relied upon Defendant, MARILYN'S INS. AGENCY, to procure and maintain appropriate and adequate coverage.

53. Defendant, MARILYN'S INS. AGENCY knew or should have known Plaintiffs relied upon it to procure appropriate and adequate coverage, and it is foreseeable that the failure to procure appropriate and adequate coverage for Plaintiffs could unnecessarily expose Plaintiffs to significant harm, losses and damages.

54. The Defendant, MARILYN'S INS. AGENCY was an agent and/or an ostensible agent of Defendant, NATIONAL LLOYDS, and Defendant, NATIONAL LLOYDS is vicariously liable for the conduct of Defendant, MARILYN'S INS. AGENCY.

55. As a result of Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

56. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and said conduct is sufficiently egregious in nature to warrant the imposition of punitive damages.

### FIFTH CAUSE OF ACTION
### CONSTRUCTIVE FRAUD AND
### NEGLIGENT MISREPRESENTATION

57. Plaintiffs adopt and incorporate by reference paragraphs 1 through 56 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

10

58. Defendant, MARILYN'S INS. AGENCY, had a duty to exercise reasonable diligence and skill in obtaining and notifying Plaintiffs of insurance coverage options.

59. Defendant, MARILYN'S INS. AGENCY, breached its duty to Plaintiffs by misrepresenting to Plaintiffs as follows:

a. That the insurance procured was truly one of "replacement."

b. That the amount of coverage procured, and for which premiums were paid, was equal to the estimated replacement cost of Plaintiffs' property.

c. That the amount of coverage procured would provide the coverage necessary for Plaintiffs to replace their property in the event it was destroyed by a covered event.

d. That the insurance policy procured would comply with Plaintiffs' reasonable expectations that the property would be restored to its pre-loss condition in the event of a covered loss.

60. That as a result of Defendant, MARILYN'S INS. AGENCY'S breach of duty, Defendant, MARILYN'S INS. AGENCY, gained an advantage to the prejudice and detriment of Plaintiffs.

61. Defendant, MARILYN'S INS. AGENCY, misrepresented the nature of the insurance policy procured for Plaintiffs.

62. Defendant, MARILYN'S INS. AGENCY, misrepresented the policy as one which was necessary to provide appropriate and adequate coverage for Plaintiffs' business property and personal property.

63. Defendant, MARILYN'S INS. AGENCY, misrepresented the policy was one

11

which was in an amount necessary to replace Plaintiffs' property in the event it was destroyed by a covered event.

64.    Defendant, MARILYN'S INS. AGENCY's misrepresentations constitute constructive fraud.

65.    Plaintiffs were induced to accept and purchase the Defendant, NATIONAL LLOYDS, policy of insurance by Defendant, MARILYN'S INS. AGENCY'S misrepresentations and constructive fraud.

66.    Plaintiffs were misled by Defendant, MARILYN'S INS. AGENCY's misrepresentations and constructive fraud.

67.    The Defendant, MARILYN'S INS. AGENCY, was an agent and/or an ostensible agent of Defendant, NATIONAL LLOYDS for purposes of these misrepresentations, and as such the Defendant, NATIONAL LLOYDS, is vicariously liable for the conduct of Defendant, MARILYN'S INS. AGENCY.

68.    As a result of the Defendants' misrepresentations and constructive fraud, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

69.    Plaintiffs are further entitled to reformation of the insurance contract to provide coverage consistent with the Defendant, MARILYN'S INS. AGENCY's misrepresentations.

70.    The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SIXTH CAUSE OF ACTION
## NEGLIGENT UNDERWRITING

71.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 70 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

72.   At the time the insurance policy was sold to Plaintiffs, Defendants were obligated to utilize reasonable valuation methodology to determine the costs which Defendants considered necessary to cover the replacement costs of Plaintiffs' property.  As such, Defendants were then prohibited from writing a policy for more insurance than they considered necessary to cover the replacement cost of Plaintiffs' property as determined at the time the subject policy was written.

73.   Thereafter, Defendants owed a duty to Plaintiffs to exercise good faith, reasonable care, skill and expertise in the underwriting analysis to ensure the insurance policy provided appropriate and adequate coverage once the insurer-insured relationship was established.

74.   Defendants breached their duties to Plaintiffs to exercise good faith, reasonable care, skill and expertise in failing to establish an accurate and consistent methodology for calculating the replacement cost of Plaintiffs' dwelling and/or personal property.

75.   Defendants' breach resulted in both inconsistent and inaccurace replacement cost valuations whereby the Plaintiffs paid premiums for policy limits that did not accurately reflect the risks insured.

76.   Defendants further breached their duties by automatically applying Defendant, NATIONAL LLOYDS's annual inflationary adjustments  which were utilized to

13

increase Plaintiffs' policy limits and premiums without regard to whether or not the inflationary adjustment increase was necessary in relation to the dwelling's valuation at the time.

77. The conduct and inconsistencies referenced herein violate Defendants' duties of good faith and fair dealing implicit in the insurance contract with Plaintiffs and other Oklahoma policyholders.

78. Defendants' obligations arise from both the express written terms of the policy and the Oklahoma Insurance Code and Defendants' failure to implement and/or follow Oklahoma's statutory Insurance Code also constitutes unfair claims handling.

79. Defendants' conduct referenced herein constitutes a breach of this duty of good faith and fair dealing which is inherent in all insurance contracts within the State of Oklahoma.

80. Defendants' failure to procure the proper insurance product morally and legally requires it to be held to a duty of reasonable care, and that the burden of the resulting liability for breach of this duty be imposed upon them. This duty exists to foreseeability of the harm to Plaintiffs which could occur as a result of failure to underwrite or procure adequate and appropriate insurance; the procurement of inadequate and improper insurance is the direct cause of the harm and injury suffered by Plaintiffs; and the moral blame for the failure to procure and underwrite the current policy lies with the Defendants.

81. Further, the burden on the Defendants of imposing a duty to exercise care in procuring and underwriting the correct insurance policy for the needs of the

insured (with resulting liability for breach thereof) is minimal given the expertise and uneven bargaining power of the Defendants, and Defendants' representations of being an expert in the field of providing insurance to the general public, such as Plaintiffs.

82. Plaintiffs relied on Defendants to conduct an appropriate underwriting analysis to ensure and maintain an insurance policy which provided appropriate and adequate coverage.

83. Defendants breached their duties owed to Plaintiffs by failing to conduct an appropriate underwriting analysis which resulted in issuing a policy of insurance to Plaintiffs that did not provide appropriate and adequate coverage to Plaintiffs.

84. As a result of the Defendants' conduct, Plaintiffs have sustained financial losses, mental and emotional distress, and have been damaged in an amount in excess of Ten Thousand Dollars ($10,000.00), exclusive of attorneys' fees, costs, and all interest allowed by law.

85. The conduct of Defendants was intentional, willful, malicious, and in reckless disregard to the rights of Plaintiffs, and/or was grossly negligence, and is sufficiently egregious in nature to warrant the imposition of punitive damages.

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF OKLAHOMA CONSUMER PROTECTION ACT

86. Plaintiffs adopt and incorporate by reference paragraphs 1 through 85 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

87.   Plaintiffs brings forth each and every cause of action alleged above under the Oklahoma Consumer Protection Act pursuant to its tie-in provision.

88.   At all material times hereto, Plaintiffs were consumers who purchased insurance products and services from Defendant.

89.   Defendant has violated the Oklahoma Consumer Protection Act in the manners including, but not limited to, the following:

(1) Representing that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Failing to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) Engaging in an unconscionable course of conduct.

(4) At all material times hereto, Plaintiffs were consumers of insurance services or products of Defendant, and Plaintiffs would show that Defendant's violations as set forth above, constitute a violation of the Oklahoma Consumer Protection Act, causing Plaintiffs damages.

(5) By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, Defendant has engaged in an unconscionable action or course of action as prohibited by the Oklahoma Consumer Protection Act, in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received.

## EIGHTH CAUSE OF ACTION
## BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

90.   Plaintiffs adopt and incorporate by reference paragraphs 1 through 89 above as if fully plead herein, and for further claims against the Defendants alleges as follows:

91.   Defendants' conduct, as described above, constitutes a breach of the common law duty of good faith and fair dealing owed to it's insured pursuant to the insurance contract.

92.   Defendants' conduct, as described above, was in direct contradiction of the applicable industry standards of good faith and fair dealing.

93.   Defendants' failure, as described above, to adequately and reasonable investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

## PRAYER FOR RELIEF

**WHEREFORE**, premises considered, the Plaintiff prays for judgment against Defendants, NATIONAL LLOYDS INSURANCE COMPANY, MARILYN'S INSURANCE AGENCY, INC., and BRYAN WAYNE PUTMAN, for:

a.   Payment of all contractual benefits for all coverages afforded to Plaintiffs under the subject policy of insurance for damage to its dwelling and personal property caused by the May 23, 2013, wind/hail storm, together with interest on all amounts due;

b.   Compensatory damages for intentional infliction of emotional distress and

17

mental pain and suffering;

c.  Disgorgement of the incureased financial benefits derived by Defendants as a direct result of Defendants' wrongful or intentional, willful, malicious and/or reckless conduct;

d.  Actual and punitive damages each in an amount in excess of Ten Thousand Dollars ($10,000.00); and

e.  Attorneys' fees, costs and interest, including pre-judgment and post-judgment interest.

Respectfully submitted,

J. DREW HOUGHTON, OBA # 18080
FOSHEE & YAFFE
P.O. Box 890420
Oklahoma City, OK 73189
Phone: (405) 232-8080
Fax: (405) 601-1103
dhoughton@fosheeyaffe.com

**MERLIN LAW GROUP**

Larry Bache, Esq.
FL State Bar No: 91304
777 S. Harbour Blvd, 9th Floor
Tampa, FL 33602
lbache@merlinlawgroup.com
T: 813-229-1000
F: 813-229-3692

Phillip N. Sanov, Esq.
TX State Bar No: 17635959
Three Riverway, Suite 701
Houston, Texas 77056
psanov@merlinlawgroup.com
T: 713-626-8880
F: 713-626-8881

18

*ATTORNEYS FOR PLAINTIFF*

**ATTORNEYS' LIEN CLAIMED**
**JURY TRIAL DEMANDED**

IN THE DISTRICT COURT OF MURRAY COUNTY
STATE OF OKLAHOMA

RECEIVED

OCT 2 3 2014

CATHCART & DOOLEY

LARRY AND TAMMY WRIGHT,          )
                                 )
          Plaintiff,             )
                                 )
v.                               )   Case No. CJ-2014-47
                                 )   The Honorable Aaron Duck
NATIONAL LLOYDS INSURANCE        )
COMPANY, MARILYN'S INSURANCE     )
AGENCY, INC., and BRAD WAYNE     )
PUTNAM,                          )
                                 )
          Defendants.            )

## DEFENDANT MARILYN'S INSURANCE
## AGENCY, INC.'S, ANSWER TO PETITION

Defendant Marilyn's Insurance Agency, Inc. (hereinafter "the agency" or "this Defendant"), in answer to Plaintiffs' Petition, alleges and states as follows:

1.     This Defendant is without sufficient information regarding the allegations of the first sentence of paragraph 1 of the Petition, and therefore must deny same. Upon information and belief, this Defendant admits the allegations of the second sentence of paragraph 1.

2.     This Defendant is without sufficient information regarding the allegations of paragraph 2.

3.     This Defendant admits the allegations of paragraph 3.

4.     This Defendant is without sufficient information regarding the allegations of paragraph 4.

5.     With regard to paragraph 5, this Defendant admits that Plaintiffs purchased an insurance policy from Defendant National Lloyd's Insurance Company, and that Plaintiffs' property

is located in Murray County, Oklahoma.  Any and all further allegations, express or implied, are denied.

6.      This Defendant admits that Plaintiffs purchased a policy of insurance through this Defendant.  Any and all further allegations of paragraph 6 express or implied, are denied.

7.      This Defendant denies the allegations of paragraph 7.

8.      This Defendant denies the allegations of paragraph 8.

9.      This Defendant admits that Defendant National Lloyd's Insurance Company issued the subject policy of insurance to Plaintiffs.

10.     This Defendant denies the allegations of paragraph 10.

11.     With regard to paragraph 11, this Defendant admits that Plaintiffs made a claim as a result of a hailstorm on or about May 23, 2013.  Any and all further allegations, express or implied, are denied.

12.     This Defendant is without sufficient information regarding the allegations of paragraph 12.  That said, this Defendant has no knowledge of any problems with late notice.

13.     This Defendant is without sufficient information regarding the allegations of paragraph 13, and therefore must deny same.  Additionally, the allegations of paragraph 13 are not directed toward this Defendant.

14.     This Defendant objects to paragraph 14 of the Petition in that it is a legal conclusion/argument, rather than a factual averment.  Denied.

15.     Paragraph 15 of the Petition is simply an adoption and incorporation of other, prior paragraphs.  Accordingly, this Defendant adopts its responses to said prior paragraphs.

16.     With regard to paragraph 16, this Defendant admits that Plaintiffs purchased an insurance policy from Defendant National Lloyd's Insurance Company.   Any and all further allegations of paragraph 16, express or implied, are denied.

17.     This Defendant admits the allegations of paragraph 17.

18.     Upon information and belief, this Defendant admits the allegations of paragraph 18.

19.     This Defendant is without sufficient information regarding the allegations of paragraph 19, and therefore must deny same.

20.     This Defendant is without sufficient information regarding the allegations of paragraph 20, and therefore must deny same.

21.     This Defendant is without sufficient information regarding the allegations of paragraph 21, and therefore must deny same.

22.     This Defendant is without sufficient information regarding the allegations of paragraph 22, and therefore must deny same.

23.     Paragraph 23 of the Petition is simply an adoption and incorporation of other, prior paragraphs.  Accordingly, this Defendant adopts its responses to said prior paragraphs.

24.     The allegations of paragraph 24 are not directed toward this Defendant and therefore require no response.

25.     The allegations of paragraph 25 are not directed toward this Defendant and therefore require no response.

26.     The allegations of paragraph 26 are not directed toward this Defendant and therefore require no response.

27.     The allegations of paragraph 27 are not directed toward this Defendant and therefore require no response.

28.     The allegations of paragraph 28 are not directed toward this Defendant and therefore require no response.

29.     The allegations of paragraph 29 are not directed toward this Defendant and therefore require no response.

30.     This Defendant is without sufficient information regarding the allegations of paragraph 30, and therefore must deny same.

31.     This Defendant is without sufficient information regarding the allegations of paragraph 31, and therefore must deny same.

32.     This Defendant is without sufficient information regarding the allegations of paragraph 32, and therefore must deny same.

33.     Paragraph 33 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

34.     This Defendant denies the allegations and statements contained within paragraph 34.

35.     This Defendant denies the allegations and statements contained within paragraph 35.

36.     This Defendant denies the allegations and statements contained within paragraph 36.

37.     This Defendant denies the allegations and statements contained within paragraph 37.

38.     This Defendant denies the allegations and statements contained within paragraph 38.

39.     This Defendant denies the allegations and statements contained within paragraph 39.

40.     This Defendant denies the allegations and statements contained within paragraph 40.

41.     Paragraph 41 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

42.     This Defendant denies the allegations and statements contained within paragraph 42.

43.     This Defendant denies the allegations and statements contained within paragraph 43.

44.     With regard to paragraph 44, this Defendant admits that it procured the insurance policy requested by Plaintiffs. Any and all further allegations, express or implied, are denied.

45.     With regard to paragraph 45, this Defendant admits that it is an insurance producer and that the subject insurance policy was procured through this Defendant. Any and all further allegations – express, implied, or legal – are denied.

46.     The allegations of paragraph 46 are not directed toward this Defendant and therefore require no response. Further, if Plaintiffs were attempting to make the allegations in paragraph 46 against this Defendant as opposed to National Lloyd's Insurance Company, then this Defendant states that it objects to the improper (and wrong) legal conclusion, and also states: denied.

47.     This Defendant denies the allegations of paragraph 47.

48.     This Defendant denies the allegations of paragraph 48.

49.     This Defendant denies the allegations of paragraph 49.

50.     This Defendant denies the allegations of paragraph 50.

51.     This Defendant denies the allegations of paragraph 51.

52.     This Defendant denies the allegations of paragraph 52.

53.     This Defendant denies the allegations of paragraph 53.

54.     This Defendant denies the allegations of paragraph 54.

55.     This Defendant denies the allegations of paragraph 55.

56.     This Defendant denies the allegations of paragraph 56.

57.     Paragraph 57 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

58.     This Defendant denies the allegations of paragraph 58.

59.     This Defendant denies the allegations of paragraph 59.

60.     This Defendant denies the allegations of paragraph 60.

61.     This Defendant denies the allegations of paragraph 61.

62.     This Defendant denies the allegations of paragraph 62.

63.     This Defendant denies the allegations of paragraph 63.

64.     This Defendant denies the allegations of paragraph 64.

65.     This Defendant denies the allegations of paragraph 65.

66.     This Defendant denies the allegations of paragraph 66.

67.     This Defendant denies the allegations of paragraph 67, and also objects to the improper legal allegations/conclusions.

68.     This Defendant denies the allegations of paragraph 68.

69.     This Defendant denies the allegations of paragraph 69.

70.     This Defendant denies the allegations of paragraph 70.

71.     Paragraph 71 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

72.     This Defendant denies the allegations of paragraph 72.

73.     This Defendant denies the allegations of paragraph 73.

74.     This Defendant denies the allegations of paragraph 74.

75.     This Defendant denies the allegations of paragraph 75.

76.     This Defendant denies the allegations of paragraph 76.

77.     This Defendant denies the allegations of paragraph 77.

78.     This Defendant denies the allegations of paragraph 78.

79.     This Defendant denies the allegations of paragraph 79.

80.     This Defendant denies the allegations of paragraph 80.

81.    This Defendant denies the allegations of paragraph 81.

82.    This Defendant denies the allegations of paragraph 82.

83.    This Defendant denies the allegations of paragraph 83.

84.    This Defendant denies the allegations of paragraph 84.

85.    This Defendant denies the allegations of paragraph 85.

86.    Paragraph 86 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

87.    To the extent Plaintiffs seek to include this Defendant within its allegations of violations of the Oklahoma Consumer Protection Act, this Defendant states that there is no cause of action against insurance producers or agents under the Oklahoma Consumer Protection Act. Denied.

88.    To the extent Plaintiffs intend to target this Defendant with regard to this theory of recovery, this Defendant states: denied.

89.    To the extent Plaintiffs intend to target this Defendant with regard to this theory of recovery, this Defendant states: denied.

90.    Paragraph 90 of the Petition is simply an adoption and incorporation of other, prior paragraphs. Accordingly, this Defendant adopts its responses to said prior paragraphs.

91.    To the extent Plaintiffs intend to target this Defendant in its allegations of "bad faith," this Defendant states that there is no cause of action for bad faith in Oklahoma against an insurance agent/producer. Denied.

92.    To the extent Plaintiffs intend to target this Defendant in its allegations of "bad faith," this Defendant states that there is no cause of action for bad faith in Oklahoma against an insurance agent/producer. Denied.

7

93.    To the extent Plaintiffs intend to target this Defendant in its allegations of "bad faith," this Defendant states that there is no cause of action for bad faith in Oklahoma against an insurance agent/producer.  Denied.

## AFFIRMATIVE/OTHER DEFENSES

1.    Plaintiff fails to state a claim against this Defendant upon which relief may be granted.

2.    Regardless of the propriety of the actions or decisions of the insurer relating to the investigation of the claim and/or the determination of the coverage issue, this Defendant met or exceeded all applicable standards of care under Oklahoma law.

3.    Plaintiff's damages, if any, were caused in whole or in part by Plaintiff's own comparative or contributory fault.

4.    Plaintiff's damages, if any, are the result of the negligence or other wrongful conduct of third parties over whom this Defendant has no control.

5.    Plaintiff improperly attempts to impose upon this Defendant duties that are not within the applicable standard of care of an insurance producer in the State of Oklahoma.

6.    This Defendant properly procured for Plaintiff the coverage requested by Plaintiff.

7.    This Defendant properly serviced the subject insurance policy.

8.    Any alleged negligence by this Defendant, which is expressly denied, furnished a mere condition and was not the cause of Plaintiff's alleged damages.

9.    The insurer's coverage decision, if ultimately determined to be wrong or improper, represents an unforeseeable intervening and superceding cause that extinguishes any liability of this Defendant, which is expressly denied.

10.    This Defendant, as an independent insurance agent, has no claims-investigation or decision-making role with regard to a claim made under an insurance policy, and cannot be held responsible for claims-related decisions by an insurer.

11.    Plaintiff's claims against this Defendant are premature in that they may be dependent on the outcome of the coverage determination between Plaintiff and the insurer.

12.    Oral discussions in pre-contract negotiations are merged into, and superceded by, the terms of an executed writing.  Accordingly, any claims of misrepresentation on the part of this Defendant with regard to the procurement of the subject insurance policy are moot.

13.    Under Oklahoma law, there is no fiduciary duty owed by an insurance agent/producer to a customer.

14.    Under Oklahoma law, an insurance agent – who is a stranger to the insurance contract – cannot be sued for bad faith.

15.    There is no viable cause of action against an insurance agent under the Oklahoma Consumer Protection Act.

16.    This Defendant is not an insurer, and therefore had no underwriting obligations with regard to the subject policy.   Additionally, "negligent underwriting" is not a viable theory of recovery under Oklahoma law.

17.    This Defendant reserves its right to have the court determine, pursuant to 12 O.S. § 2011.1, that Plaintiff's claims against it were frivolous, requiring Plaintiff to reimburse this Defendant for its costs in defending this action, including attorney fees.

18.    To award punitive damages against this Defendant and in favor of Plaintiff under the facts of this case would run afoul of the Oklahoma and United States Constitutions.

9

19.     Inasmuch as this case is in its infancy, this Defendant reserves the right to identify additional defenses as the case progresses.

WHEREFORE, this Defendant prays that Plaintiff takes nothing by way of its Petition, and that this Defendant be awarded its costs herein, along with any other relief this court deems just and proper.

Respectfully submitted,

R. Thompson Cooper, OBA No. 15746
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:     (405) 606-3333
Facsimile:     (405) 606-3334
Email:           tom@pclaw.org
ATTORNEYS FOR DEFENDANT
MARILYN'S INSURANCE AGENCY, INC.

10

## CERTIFICATE OF SERVICE

This is to certify that on October 22, 2014, a true and correct copy of the above and foregoing instrument was forwarded to:

J. Drew Houghton                        *VIA U.S. MAIL*
FOSHEE & YAFFE
Post Office Box 890420
Oklahoma City, Oklahoma 73189

Larry Bache                             *VIA U.S. MAIL*
777 South Harbour Boulevard, 9th Floor
Tampa, Florida 33602

Phillip N. Sanov                        *VIA U.S. MAIL*
Three Riverway, Suite 701
Houston, Texas 77056

W. R. Catchcart                         *VIA U.S. MAIL*
CATHCART & DOOLEY
2807 Classen Boulevard
Oklahoma City, Oklahoma 73106

For the Firm

11